UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:19-cr-00067

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

LEVI GLOVER (1)

                                                            DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Levi Glover's Motion to Review Order of Detention Pending Trial. [DN 28.] The government has responded. [DN 29.] As such, this matter is ripe for adjudication. For the reasons that follow Defendant's Motion to Review Order of Detention Pending Trial [DN 28] is **DENIED**.

## I.   Background

Levi Glover was indicted on December 17, 2019 on one count of conspiracy to possess with intent to distribute methamphetamine and one count of possession with intent to distribute methamphetamine. [DN 1.] Glover was arrested on January 14, 2020. [DN 12.] Magistrate Judge King conducted Glover's initial appearance and ordered him detained until the detention hearing. [DN 14.] Defendant then waived his detention hearing. [DN 19.] Glover later moved for a detention hearing and Judge King conducted that hearing on January 27, 2020. [DNs 21 and 22.]

Judge King ordered Glover be detained pending trial. [DN 14.] At the hearing, Glover "proffered evidence of strong family ties to the community sufficient to overcome the presumption". [DN 24.] However, Judge King still found by clear and convincing evidence that there was no condition or combination of conditions which would reasonably assure the safety of the community. [*Id.*] Judge King also found by a preponderance of the evidence that there was no

condition or combination of conditions which would reasonably assure Glover's appearance as required. [*Id.*] Judge King also found Glover should be detained due to: 1) the weight of evidence against the defendant; 2) Glover is subject to lengthy period of incarceration if convicted; 3) Glover's prior criminal history; 4) participation in criminal activity while on probation, parole, or supervision; 5) history of violence or use of weapons; 6) history of alcohol or substance abuse; 7) lack of stable employment; and 8) prior violations of probation, parole, or supervised release. [*Id.*] Glover now asks this Court to review Judge King's order of detention pending trial.

## II.  Legal Standard

Pursuant to 18 U.S.C. §3145(b), "if a person is detained by a magistrate judge…that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." "When such a motion is made, the district court uses a *de novo* standard when reviewing the Magistrate Judge's decision." *United States v. Malone*, 2018 U.S. Dist. LEXIS 161827, *7 (W.D. Ky. Sept. 20, 2018). "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

18 U.S.C § 3142(e) states, "[i]f…the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." In making this determination, the judicial officer considers: 1) the nature and circumstance of the offense; 2) the weight of the evidence against the person; 3) the history and characteristics

of the person; and 4) the nature and seriousness of the danger to any person or the community. 18 U.S.C. §3142(g)(1)-(4).

### III. Discussion

Glover's sole reason for release is the current COVID-19 pandemic. He has not argued or provided the Court with any information that materially changes Judge King's finding that there are no conditions of release that will reasonably assure his appearance or the safety of any other person and the community. Although not explicitly stated, Glover is arguing there is now a compelling reason for his release. 18 U.S.C. §3142(i) states: "[t]he judicial officer may…permit the temporary release of the person…to the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason." "A defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i)." *United States v. Clark,* No. 19-40068-01-HLT, 2020 WL 1446895, *2 (D. Kan. Mar. 25, 2020).

"Courts have typically granted relief under § 3142(i) only sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *Id.* (citing *United States v. Hamilton,* No. 19-CR-54-01, 2020 WL 132036, *2 (E.D. N.Y. Mar. 20, 2020). The Court in *United States v. Cordero Carabollo*, 185 F. Supp. 2d 143 (D.P.R. 2002) release the defendant due to his extreme medical needs. *Id.* at 144. Cordero Caraballo suffered from: "(i) partial paraplegia (loss of function of the lower extremities); (ii) left hand loss of function; (iii) huge ulcer at the right low back, with exposure of the pelvis and active infection; (iv) incomplete healing of the previous abdominal surgeries; (v) long healing wounds at the right leg and left thigh; and (vi) healing tracheotomy." *Id.*

### A.  *Clark* Factors

In *Clark,* the Court set forth guidelines for Courts to evaluate on a case by case basis. That Court evaluated several factors in making its determination. The Court here will use those same factors. Those factors are:

> (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. The court will not necessarily weigh these factors equally, but will consider them as a whole to help guide the court's determination as to whether a "compelling reason" exists such that temporary release is "necessary."

*Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3.

## 1.  Original Grounds for Glover's Pretrial Detention

 At the detention hearing, Judge King found:

> "There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed…an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act"

[DN 24.] Judge King also found.

> "While the Defendant proffered evidence of strong family ties to the community sufficient to overcome the presumption, the Court must still consider the presumption in reaching its decision. The Defendant has two prior state felony drug trafficking conviction, the second committed while on parole for the first. The instant federal drug distribution conspiracy indictment allegedly occurred while on parole for the second. The investigation for the instant offense began with a referral from TSA officials who prevented the Defendant from boarding a commercial flight to Chicago with $29,000 in currency lined in his suit case. The travel also would have been a violation of his state parole. While the Defendant enjoys the presumption of innocence, the detention statute requires the Court to consider the weight of the evidence. The weight of the evidence is strong, including the seizure of 6,159 grams of pure methamphetamine from a vehicle owned by his spouse and frequently used by the Defendant."

[DN 24.] Given the nature of the charged offense, Glover's prior criminal history, and the previous violation of his parole, the Court finds the reasons for Glover's initial detention are still present.

### 2.   The Specificity of Glover's Stated COVID-19 Concerns

Glover does not state he suffers from any conditions that place him at a higher risk if he contracted the virus. The Centers for Disease Control and Prevention has stated those that are 65 years or older, have lung, heart, kidney, liver, or autoimmune conditions, or are diabetic are at a greater risk of becoming seriously ill.[1] Glover does not state he has any of these conditions. He states:

> "There are confirmed cases of COVID-19 in the Commonwealth and the citizens are being asked to take extensive precautionary measure to reduce the risk of contracting the virus for which there is presently no vaccine or cure. Incarcerated persons are unable to take many of these precautions and as a result are at increased [risk] of contracting the disease as well as increasing the risk that community members will catch the virus. The special vulnerability of prisons and jails to infectious disease, and particularly COVID-19 is readily apparent from the coronavirus outbreak across the world."

[DN 28.] The government has provided the steps the detention center Glover is currently being housed. Those steps are:

> "1. All employees and inmates are monitored for symptoms of respiratory infection;
>
> 2. All new inmates are screened by medical personnel for signs of respiratory infection and appropriate infection prevention practices are implemented;
>
> 3. Visits by non-essential personnel (programs, mentors, religious service, etc.) are suspended;
>
> 4. Inmate visitation is suspended;
>
> 5. Attorney/client meetings are being held by video conference or through the glass meetings;
>
> 6. Clean teams have been designated and provided personal protective equipment and supplies to frequently disinfect high traffic areas;
>
> 7. Hand sanitizer stations have been established and remain fully stocked; and
>
> 8. Individuals who may become symptomatic will be isolated."

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fspecific-groups%2Fhigh-risk-complications.html

[DN 29 at 4.] Further, Glover has not argued that there are currently any confirmed or suspected cases at his facility. He has only stated general fears about contracting the virus while in jail. "[A] defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation." *Clark*, 2020 WL 1446895, at *3. Although the Court recognizes the seriousness of the pandemic, Glover's general fears about potentially contracting the virus cannot, alone, suffice. Other Courts have found where facilities are taking similar steps and the defendant does not show there are any confirmed cases in the facility release is not warranted. *See United States v. Pruitt,* No. 17-cr-20183-4, 2020 WL 1698661, (E.D. Mich. Apr. 8, 2020); *United States v. Veras,* No. 3:19-CR-010, 2020 WL 1675975, (M.D. Pa. Apr. 6, 2020).

### 3.   The Extent to Which the Proposed Release Plan is Tailored to Mitigate or Exacerbate Other COVID-19 Risks to the Defendant

Here, the only release plan Glover proposes is that he has secured employment at Any and All Drywall upon his release. [DN 28 at 2.] "[T]he proposed temporary release plan should be tailored to mitigate the defendant's overall COVID-19 risks, not exacerbate them. Thus, the court evaluates the extent to which the proposed release plan is tailored to mitigate or exacerbate the defendant's overall COVID-19 risks." *Clark*, 2020 WL 1446895, at *6. Here, Glover has not provided any information on where he would stay upon release, how he would get there, and how any risks to him would be mitigated. Without any evidence, the Court cannot determine whether release would mitigate or exacerbate risks to Glover. Therefore, Glover has not met his burden and this factor weighs in favor of detention.

### 4.   The Likelihood That the Defendant's Proposed Release Would Increase COVID-19 Risks to Others

As stated when evaluating the previous factor, Glover has not provided a release plan. The Court cannot fully evaluate the potential risk to others without a plan. However, "[a] defendant

who is unable to comply with conditions of release poses potential risks to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *United States v. Smoot,* No. 2:19-CR-20, *3 2020 WL 1501810 (S.D. Ohio March 30, 2020) (quoting *Clark,* No. 19-40068-01-HLT, *7 2020 WL 1446895). Glover has a history of violating his parole. Given his history, and the lack of any proposed plan, this Court finds Glover increases the risk of COVID-19 transmission to others. Therefore, this factor weighs in favor of detention.

### IV. Conclusion

After evaluating the *Clark* factors, this Court finds Glover has not established compelling reasons for release. There is currently no outbreak at his facility and the facility is taking measures to combat any possible outbreak. The reasons Judge King ordered Glover detained still exist and Glover has not provided any evidence that those concerns have materially changed. Should Defendant have any evidence or argument that concerns COVID-19 issues, he may file a renewed motion for release. Therefore, **IT IS HEREBY ORDERED** that Defendant's Motion to Review Detention Order [DN 28] is **DENIED.**

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

May 21, 2020

cc: counsel